IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EZEQUIEL CARRASQUILLO-GONZALEZ, et al.<br><br>  Plaintiffs<br><br>           v.<br><br>ANTONIO M. SAGARDIA-DE-JESUS, et al.<br><br>  Defendants | **Civil No.** 09-1776 |

## OPINION & ORDER

On November 27, 2009, Co-defendants, Antonio M. Sagardia-De-Jesus ("Sagardia"), Victor Carbonell-Ramirez ("Carbonell"), Edwin Carrion-Soto ("Carrion"), William Machado-Aldarondo ("Machado"), and Ismael Cintron-Cintron ("Cintron")(collectively, "Defendants") filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Plaintiffs, Ezequiel Carrasquillo-Gonzalez ("Carasquillo") and his wife, Celia Judith Diaz-Morales, then filed a Response in Opposition (Docket # 15), to which Defendants proffered a Reply (Docket # 18). After reviewing the pleadings and the applicable law, the Motion to Dismiss is hereby **DENIED** in part and **GRANTED** in part.

**Factual Background**

Plaintiff is a career employee of the Commonwealth of Puerto Rico's Department of Justice, Bureau of Special Investigations ("NIE" for its Spanish acronym). He is an Inspector of Special Investigations ("Inspector"), a position that he holds in a probationary capacity. Plaintiff alleges to be an active member of the Popular Democratic Party ("PDP"), and to have participated in partisan political activities during his entire tenure as a public servant, which spans over twenty (20) years. He also alleges to have held trust positions under various PDP administrations, and to have acted as Vice President of the Public Services Employees booster

**CIVIL NO. 09-1776 (SEC)**                                                                                        **Page 2**

organization for the PDP. He alleges that Defendants knew he was engaged in these partisan activities, and thus, acted to assign his former position to a member of the PNP.

Plaintiffs allege that following the transition to a New Progresive Party ("NPP") administration in early 2009, Carrasquillo was illegally demoted from his position as Auxiliary, or Deputy, Director of the Witness Protection Program of the Special Investigations Bureau of the Department of Justice of the Commonwealth of Puerto Rico ("PRDOJ"). See Docket # 1 at 2. Plaintiffs also allege that Carrasquillo has been stripped of his duties in his new position as Inspector in the INTERPOL branch of the NIE and subjected to harassment. Id. at 4-5. The Complaint also states that the foregoing is part of a conspiracy against Carrasquillo because he is a known PDP sympathizer, and Defendants are NPP appointees.

Plaintiffs specifically allege that Inspector Armando Sanchez ("Sanchez"), who is not a defendant, has made derogatory comments regarding Carrasquillo's political affiliation. Docket # 1 at 5. They further allege that Defendants have tried to manufacture reasons to deny Carrasquillo permanence after his probationary period ends, such as unfairly criticizing his handling of witnesses who visited a local television program. Id. He alleges that Sanchez made discriminatory comments as to his membership in the PDP. And he further alleges that a hostile environment has been created through constant harassment to force him to resign, and or manufacture a reason to deny him a permanent position. He finally alleges that his new position at INTERPOL has stripped him of "supervisory functions, investigative function, and of the authority, responsibilities and duties inherent to his career position as Inspector."

Defendants reply by averring a series of defenses, which primarily rest on the fact that Carrasquillo's prior position Auxiliary Director for the Witness and Victim Protection Program is statutorily designated as a trust position under Puerto Rico law. See 3 P.R. Ann. St. §138h ("...The Secretary shall designate Deputy Directors as needed to direct the different Divisions

in which the Bureau shall be structured, and shall serve in these positions at his discretion. . ."). However, Defendants also aver that the Complaint only makes bald assertions, and does not sufficiently plead individualized causes of actions against Sagardia, Carbonell, Carrion, Machado, and Cintron.

**Standard of Review**

It is well known that, "the general rules of pleading require 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Gargano v. Liberty Int'l Underwriters, 572 F.3d 45, 49 (1st Cir. 2009) (Fed. R. Civ. P. 8(a)(2)). The purpose of this is to give a defendant fair notice of the claims against him and their grounds. Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Therefore, "even under the liberal pleading standards of FED. R. CIV. P. 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007) (citing Twombly, 127 S. Ct. at 1965). Although complaints do not need detailed factual allegations, the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Twombly, 127 S. Ct. At 1965; see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

A plaintiff's obligation to "provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. At 1965. That is, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true." Parker v. Hurley, 514 F. 3d 87, 95 (1st Cir. 2008). Of course, this Court need not give credence to ". . .conclusions from the complaint or naked assertions devoid of further factual enhancement." Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009) (citing

**CIVIL NO. 09-1776 (SEC)**                                                                                     Page 4

Ashcroft v. Igbal, 129 S. Ct. 1937, 1960, 173 L. Ed. 2d 868 (2009)); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

**Applicable Law & Analysis**

*Patronage Immunity*

The law is clear that, "[u]nlike non-policy making career positions, 'political positions' are terminable without cause when political affiliation is an appropriate requirement for the position." Ruiz-Casillas v. Camacho-Morales, 415 F.3d 127, 131-132 (1st Cir. 2007). Therefore, Plaintiffs allegations of political discrimination, at least as to Carrasquillo's removal from the aforementioned position, can only prosper if he properly alleges and establishes that it was a career position.

In their motion to dismiss, Defendants aver that the Auxiliary Director for the Witness and Victim Protection Program is a trust position, and thus First Amendment Claims cannot prosper for Carrasquillo's removal because he was not subject to said Amendment's protections. To bolster their point Defendants first posit 3 P.R. Ann. St. §138h's language designating Deputy, or Auxiliary, Directors at NIE as discretionary appointments by the Secretary of the PRDOJ.

This Court recognizes that the mere statutory designation of the position as serving at the Secretary's discretion does not automatically confer a trust, or political, nature. Ruiz-Casillas, 415 F.3d at 133 (citing Duriex-Gauthier v. Lopez-Nieves, 274 F.3d 4, 8 (1st Cir. 2001)). However, this is a strong indicator, and should figure in the analysis. Id. Defendants' also point-out other aspects of the position, such as a special pay-differential, politically sensitive responsibilities regarding governmental investigations, and the need for confidentiality, all point

**CIVIL NO. 09-1776 (SEC)**                                                                 **Page 5**

to a politically sensitive appointment.  This Court cannot come to a definitive conclusion on these facts alone, because doing so would be more appropriate at the summary judgment stage. However, Plaintiffs have not alleged that Carrasquillo's position as Auxiliary Director for the Witness and Victim Protection Program was a career appointment, rather he suggests his career position is that of Inspector.

In light of this fact, this Court finds that Plaintiffs have not pled a plausible claim for relief under FED. R. CIV. P. 8(a)(2) regarding his removal from the post of Auxiliary Director for the Witness and Victim Protection Program. Iqbal, 129 S.Ct. At 1949-1951.  Therefore, these claims are hereby **DISMISSED**.  Nevertheless, Plaintiffs' allegations regarding discriminatory treatment after Carrasquillo's transfer to INTERPOL must be analyzed in a second step.

*Due Process*

Before addressing those questions, this Court also notes that as a result of the aforementioned conclusions, Plaintiffs' Fourteenth Amendment Due Process claims must also be **DISMISSED**. The Due Process clause protects public servants who hold a property interest in career or contract positions. Ruiz-Casillas, 415 F.3d at134.  Unlike career or contract employees, trust employees may be removed at will, and "thus, trust employees do not have a constitutionally protected property interest in that position."Id. (internal citations omitted)(citing Galloza v. Foy, 389 F.3d 26, 34 (1st Cir. 2004). Carrasquillo has not pled that his removal from the position of Auxiliary Director for the Witness and Victim Protection Program equated to the loss of a career position, and he has not been terminated from his position as Inspector. Plaintiffs' other claims are for harassment and reduction of duties, but Puerto Rico, public servants do not have a property interest in the functions they perform. Id. Therefore, in the

absence of allegations regarding the suppression of valid proprietary rights, all Fourteenth Amendment Due Process claims necessarily fail.

*Harassment and Reduction of Duties at INTERPOL*

Non-trust, and non-policymaking public employees are protected from adverse employment actions based on political affiliations, political expressions, or political opinions. Marrero-Gutierrez v. Molina, 491 F.3d 1, 9 (1st Cir. 2007). In order to prevail in a political discrimination action, "plaintiffs must first establish that party affiliation was a substantial or motivating factor behind the adverse employment action." Ruiz-Casillas v. Camacho-Morales, 415 F.3d 126, 131 (1st Cir. 2005). Establishing this in a prima facie case requires that "(1) the plaintiff and the defendant belong to opposing political affiliations; (2) the defendant has knowledge of the plaintiff's . . . affiliation; (3) . . . a challenged employment action [occurred]; and (4) . . . 'political affiliation was a substantial or motivating factor' behind it." (1st Cir. 2007)(citing Peguero-Mornta v. Santiago, 464 F.3d 29, 48 (1st Cir. 2006)).

Carrasquillo has alleged that he is a long-time PDP activist. Furthermore, having served as interim director of various dependencies under PDP governments, a plausible inference could be made that Carrasquillo's political affiliation is well know by most within the Department. In light of these allegations, this Court finds that the first two prongs of this test have been met, at least sufficiently to survive the motion to dismiss stage. Furthermore, his removal, from what Defendants allege to be a trust position implies knowledge of his political inclinations. Furthermore, Plaintiffs have plead that Defendants are all NPP appointees and sympathizers, a fact which has not been denied, or contested.

Plaintiffs also allege that at INTERPOL Carrasquillo has been stripped of his career employment duties as Inspector. For this allegation to prosper, ". . . the alleged adverse employment action must result 'in conditions 'unreasonably inferior' to the norm for that

**CIVIL NO. 09-1776 (SEC)**                                                                                            **Page 7**

position.'" Maymi v. Puerto Rico Ports Authority, 515 F.3d 20, 25 (1st. Cir. 2008)(quoting Rosario-Urdaz v. Velazco, 433 F.3d 174, 178 (1st Cir 2006); see also Carrasquillo v. Puerto Rico, 494. F3d 1, 4 (1st Cir. 2007)(stating "This protection extends to changes in employment, which, although not as extreme as dismissal, result in working conditions 'unreasonably inferior' to the nor for the position at issue."). This allegation satisfies the third prong of the test, at least at the motion to dismiss stage.

Individually, various of the Defendants also appear to have been NPP sympathizers, who Plaintiffs claim conspired against Carrasquillo for political reasons, satisfying the fourth prong of the First Circuit's test. Martinez-Velez, 506 F.3d at 39.  To wit, Plaintiffs allege Sagardia, the Secretary of Justice of Puerto Rico at the time this Complaint was filed, was involved in a conspiracy to strip Carrasquillo of his original responsibilities, and move him to a marginal assignment at INTERPOL. The same follows for Machado, Auxiliary Director of the Secretary of Human Resources at PRDOJ. As to Carbonell, Director of NIE, Plaintiffs allege he participated in the conspiracy, and directly oversaw the division where Carrasquillo was removed from his duties.

These allegations are not detailed, and possibly not even strong, but without the benefit of discovery, Plaintiffs cannot be expected to know the details of the alleged machinations. Nevertheless, a plausible cause of action has been put forth against these administrators who all, one way or another, participated in assigning Carrasquillo to INTERPOL, where he alleges his supervisors have instructions to not assign him duties commensurate with his career employment status. Accordingly, the motion to dismiss against Sagardia, Machado, and Carbonell must be **DENIED** as to these specific allegations.

As to Carrion, Auxiliary Director of the Shelter for the Protection of Witnesses and Victims ("the Shelter"), he allegedly did not supervise Plaintiff, nor did he have knowledge of

**CIVIL NO. 09-1776 (SEC)**                                                                                           **Page 8**

or participate in the alleged illegal conduct. This Court agrees, as Auxiliary Director of the Shelter within the witness protection program, he at most could have been involved with Carrasquillo's initial transfer, but the allegations pertaining to said action have already been dismissed. As such, all claims against Carrion shall also be **DISMISSED**, because the remaining controversies involve Carraquillo's treatment at INTERPOL. On the other hand, Defendant Cintron, Deputy Director of the INTERPOL Division, appears central to the controversy, because it is alleged that he was ordered not to assign Plaintiff duties. Nevertheless, he is not sued in his personal capacity.

Finally, allegations of harassment can only give rise to a First Amendment cause of action for political discrimination, if "sufficiently severe to cause reasonably hardy individuals to compromise their political beliefs and associations in favor of the prevailing party." Martinez-Velez v. Rey-Hernandez, 506 F.3d 32, 42 (1st Cir. 2007)(citing Agosto-de-Feliciano v. Aponte-Roque, 889 F.2d 1209, 1217 (1st Cir. 1989) (en banc)). Here, the description and allegations of harassment describe isolated incidents, and aver to a general atmosphere of hostility. This is too vague, and does not suggest sufficient severity for a First Amendment cause of action. Moreover, none of the named defendants were directly involved in the alleged mistreatment. Therefore, Plaintiffs' claims for harassment are hereby **DISMISSED**.

*Equal Protection*

Equal Protection Claims are generally incompatible with First Amendment Claims, and the First Circuit has found them to overlap, making the former redundant in the context of political discrimination claims. Pagan v. Calderon, 448 F.3d 16, 36 (1st Cir. 2006). Case law clearly establishes that ". . . allegations of political discrimination fit with in the contours of the First Amendment, they are, a fortiori, insufficient to ground a claim that the politically inspired misconduct violated equal protection guarantees." Id. Instead, plaintiffs must bring their claims

**CIVIL NO. 09-1776 (SEC)**                                                                 **Page 9**

under specific provisions of the First Amendment. In light of this reasoning, Plaintiffs' claims under the Equal Protection clause are hereby **DISMISSED**.

*Qualified Immunity*

Defendants allege that they are entitled to qualified immunity in their individual capacities, because the Complaint does not plead the violation of a clearly established individual right. In the present controversy, there is a clearly established constitutional right against politically motivated demotions and negative employment actions under the First Amendment.. Maldonado v. Fontanes, 569 F.3d 263, 269 (1st Cir. 2009). Plaintiffs allege that the remaining defendants Sagardia, Machado, and Carbonell all colluded to marginalize Carrasquillo within the agency because of political motivations. If true, this would have clearly been illegal. Therefore, at this stage, qualified immunity cannot be conferred upon Defendants.

**Conclusion**

All claims, except those against Sagardia, Machado, Carbonell, and Cintron (in his official capacity) are hereby **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of February, 2010.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
United States District Judge