IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

EZEQUIEL CARRASQUILLO-
GONZALEZ, ET AL.,

    Plaintiffs,

v.

ANTONIO M. SAGARDIA, ET AL.,

    Defendants.

Civil No. 09-1776 (SEC)

**OPINION AND ORDER**

Before the Court are the plaintiffs' motion requesting compliance with the terms of the settlement agreement (Docket # 67), and the parties' show cause responses (Dockets # 72 and 77) as to whether the Court has jurisdiction to enforce the terms of the settlement agreement (Docket # 58). After reviewing the filings and the applicable law, the plaintiffs' motion is hereby **DENIED** for lack of jurisdiction.

**Factual and Procedural Background**

Ezequiel Carrasquillo-González and his wife (Plaintiffs) filed suit alleging political discrimination, among other federal and state law claims. Docket # 1.[1] On March 17, 2011, the parties filed a joint motion with a settlement agreement attached to it, informing the Court that they had reached a settlement and requesting the approval of the agreement. On even date, the Court approved the agreement, and Plaintiffs filed a document titled "Notice of voluntary dismissal" requesting the Court to dismiss with prejudice all claims against the

---

[1] More details of the case are set forth in the following Opinion and Orders: Carrasquillo-González v. Sagardía-De-Jesús, 723 F. Supp. 2d 428 (D.P.R. July 14, 2010); Carrasquillo-González v. Sagardía-De-Jesús, 2010 WL 703804 (D.P.R. Feb. 24, 2010).

defendants. Docket # 59.[2] Pursuant to Plaintiffs' request for dismissal, the Court entered judgment dismissing with prejudice all claims against the defendants. Docket # 61.

On December 19, 2012, Plaintiffs filed a motion requesting the Court's intervention alleging that the defendants had not complied with all the terms of the settlement agreement. Docket # 67. On January 2, 2013, the Court issued an order to show cause as to whether it had jurisdiction to entertain issues regarding compliance with the terms of the settlement agreement, in light of the Supreme Court's decision in Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994). Both parties complied with the show cause order. For the reasons stated below, the Court declines to exert jurisdiction over the motion requesting enforcement of the settlement agreement.

**Applicable Law and Analysis**

Federal courts are courts of limited jurisdiction, and they only possess that power authorized by Constitution and statute. Kokkonen, 511 U.S. at 377. Therefore, before considering the merits of the motion requesting compliance with the agreement, the Court must discharge its "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

"The law is now settled that a federal court does not have inherent jurisdiction to enforce a settlement merely because it presided over the law suit that led to the settlement." F.A.C., Inc. v. Cooperativa de Seguros de Vida de P.R., 449 F.3d 185, 189 (1st Cir. 2006) (citing Kokkonen, 511 U.S. at 379-80). The Supreme Court in Kokkonen explained that if

---

[2] The order only "granted" the parties' request to approve the settlement, without elaborating upon the terms of the settlement agreement and without dismissing the case. See Docket # 60.

the parties wish to request the court's enforcement of a dismissal-producing settlement agreement they can do so either under Fed. R. Civ. P. 41(a)(1)(A)(ii) or 41(a)(2). Kokkonen, 511 U.S. at 381-2. When the dismissal is under Rule 41(a)(1)(A)(ii), "the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract, if the parties agree." Id.; see also Municipality of San Juan v. Rullán, 318 F.3d 26 (1st Cir. 2003). If the dismissal is pursuant to Rule 41(a)(2), in which an action may be dismissed at the plaintiff's request only by court order and on terms that the court considers proper, "the parties' compliance with the terms of the settlement contract (or the court's 'retention of jurisdiction' over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order." Id. at 381 (emphasis added).

Therefore, as explained by the First Circuit, "[t]he federal court has 'ancillary' jurisdiction to enforce only if 'the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal –either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." F.A.C., Inc., 449 F.3d at 189-90; see also Quincy v. Herman, 652 F.3d 116 (1st Cir. 2011). Absent any of these precautions, however, a suit to enforce a settlement is a contract dispute which requires a new jurisdictional basis to be heard in federal court. Quincy, 652 F.3d at 120-21 (citations omitted) (citing Lipman v. Dye, 294 F.3d 17, 21 (1st Cir. 2002); see also Kokkonen, 511 U.S. at 382.

In their responses to the show cause order, the parties do not contest that the voluntary dismissal was under Fed. R. Civ. P. 41(a)(2). They contest, however, whether the Court retained jurisdiction over the settlement. Plaintiffs assert that jurisdiction lies in the Court's approval of the settlement agreement since it expressly stated that the parties agreed that the Court would retain jurisdiction to enforce compliance with the agreement. Docket # 72, p. 2-3; see also Docket # 58-1, p. 7. On the contrary, the defendants posit that, even though they originally agreed to having the Court retain jurisdiction over the terms of the settlement, the Court did not include any provision to that effect in the judgment and, as stated in Anago Franchising, Inc. v. Shaz, LLC, "[u]nderlying Kokkonen, is the well-established proposition that jurisdiction cannot exist by mere consent of the parties." 677 F.3d 1272 (11th Cir. 2012). The Court agrees with the defendants.

It is clear from the settlement agreement that the parties agreed that the Court would retain jurisdiction to enforce the terms of the settlement. Docket # 58-1. It is equally clear, however, that under Rule 41(a)(2) the terms of dismissal are in the court's discretion and the judgment neither expressly reserved jurisdiction over the settlement nor incorporated the terms of the agreement. The judgment provided only that all claims were dismissed with prejudice pursuant to the "notice of voluntary dismissal."[3] The Supreme Court in Kokkonen explained that "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." Kokkonen, 511 U.S. at 381. Therefore, the parties' intentions are insufficient for the Court to preserve jurisdiction over

---

[3] The Judgment specifically stated: "Pursuant to the above-captioned parties' Joint Notice of Voluntary Dismissal (Docket No. 59), all claims in this action are dismissed with prejudice." In the motion for voluntary dismissal, the Plaintiffs neither request the Court to reserve jurisdiction upon dismissal nor reiterate their previous agreement with the defendants on this matter.

the settlement agreement; in order for that intention to be effective, the judgment must incorporate it. López-Morales v. Hospital Hermanos Meléndez, Inc., 460 F. Supp. 2d 288, 294 (D.P.R. 2006); see also Arata v. Nu Skin International, Inc., 96 F.3d 1265, 1269 (9th Cir. 1996); 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2366, at 544-46 (3rd ed. 2008). Because Kokkonen's requirements were not satisfied by this judgment, the Court did not retain jurisdiction over the settlement agreement. See F.A.C., Inc., 449 F.3d at 185. Neither party appealed or in any manner objected to this judgment.

In any event, the settlement agreement in the present case states only that "[t]he parties expressly agree that the Federal District Court for the District of Puerto Rico shall retain jurisdiction over all matters relating to this Settlement Agreement until full payment thereof and in case of any breach of the terms of its confidentiality." Docket # 58-1. The parties have already disbursed the funds agreed in the settlement, see Dockets # 63-66, and the alleged breach of the settlement agreement does not deal with the confidentiality terms included in it.[4] Therefore, even if the approval of the settlement agreement was enough to retain jurisdiction, Plaintiffs' request would go beyond the Court's purported jurisdiction. In case of a breach of the terms of the settlement contract, enforcement is for state courts, unless there is some independent basis for federal jurisdiction. See Kokkonen, 511 U.S. at 382.

---

[4] Moreover, in the motion requesting enforcement of the settlement agreement the Plaintiffs admit that "[t]he defendants have complied with the obligation to deposit the agreed upon monetary compensation." Docket # 67, p. 2.

For the reasons explained above and since no independent basis for federal jurisdiction has been established by the parties, Plaintiffs' request to enforce the terms of the settlement agreement is hereby **DENIED** for lack of jurisdiction.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of June, 2013.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge